# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-2908

**Motion for:** Expedite Defendants-Appellants' Motion for a Stay Pending Appeal and Administrative Stay Pending Resolution of the Motion

**Caption [use short title]**

Set forth below precise, complete statement of relief sought:

Plaintiffs-Appellees move to Expedite consideration of Defendants-Appellants' Motion to Stay due to the continuing and ongoing constitutional violations that Plaintiffs-Appellees are suffering.

**Antonyuk v. Hochul**

**MOVING PARTY:** Ivan Antonyuk, et al.
**OPPOSING PARTY:** Nigrelli and Doran

☑ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☑ Appellee/Respondent

**MOVING ATTORNEY:** Stephen D. Stambouliehh
**OPPOSING ATTORNEY:** Ester Murdukhayeva

[name of attorney, with firm, address, phone number and e-mail]

Stambouliehh Law, PLLC
P.O. Box 428, Olive Branch, MS 38654
stephen@sdslaw.us; 601-852-3440

N.Y. Office of the Attorney General
28 Liberty Street, 28th Floor, NY, NY 10005
212-416-6279; ester.murdukhayeva@ag.ny.gov

**Court- Judge/ Agency appealed from:** U.S. District Court for the NDNY - Glenn T. Suddaby

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed    ☐ Opposed    ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set?    ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Stephen D. Stambouliehh    **Date:** 11/23/2022    Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

IVAN ANTONYUK, *et al.*,

      Plaintiffs-Appellees,

v.

STEVEN A. NIGRELLI, and MATTHEW J. DORAN      No. 22-2908

      Defendants-Appellants,

WILLIAM FITZPATRICK, *et al.*,

      Defendants.

_____

**MOTION TO EXPEDITE CONSIDERATION OF DEFENDANTS-APPELLANTS' MOTION FOR A STAY PENDING APPEAL AND AN ADMINISTRATIVE STAY PENDING RESOLUTION OF THE MOTION**

| | |
|---|---|
| Stephen D. Stamboulieh | Robert J. Olson |
| Stamboulieh Law, PLLC | William J. Olson, PC |
| P.O. Box 428 | 370 Maple Ave. West, Suite 4 |
| Olive Branch, MS 38654 | Vienna, VA 22180-5615 |
| (601) 852-3440 | 703-356-5070 |
| stephen@sdslaw.us | wjo@mindspring.com |
| *Attorneys for Appellees* | |

**Dated: November 23, 2022**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Statement.................................................................................................................. 1

Argument.................................................................................................................. 2

    I.   This Court Should Expedite Treatment of Appellants' Motion to Stay..........2

Conclusion ............................................................................................................... 3

Certificate of Compliance.........................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Christian v. Nigrelli*, No. 22-CV-695 (JLS) (W.D.N.Y. Nov. 22, 2022) (Dkt. 49) ..3

*Hardaway v. Nigrelli*, No. 22-CV-771 (JLS), 2022 U.S. Dist. LEXIS 200813
 (W.D.N.Y. Nov. 3, 2022) ...................................................................................3

*McDonald v. City of Chi.*, 561 U.S. 742 (2010) ......................................................2

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)..............................2

## STATEMENT

On Saturday, November 12, 2022, Defendants-Appellants Matthew J. Doran and Steven A. Nigrelli ("Appellants") filed their Motion for a Stay Pending Appeal and an Administrative Stay Pending Resolution of the Motion. Docket 18. On November 13, 2022, this Court Ordered a "temporary stay... pending the panel's consideration of the motion." Docket 31. On November 19, 2022, Plaintiffs-Appellees ("Appellees") filed their Response in Opposition to Appellants' Motion. Docket 38.

Despite Appellants' request for "emergency" relief, they have failed to seek expedited treatment of their Motion. Rather their Form T-1080 requests "an interim administrative stay be granted as soon as possible" and that "a decision on the stay motion as soon as practicable thereafter." Docket 18 at 1. Appellees thus request that this Court expedite the treatment of Appellants' Motion. The district court below concluded that Appellees are likely to suffer irreparable harm as result of the challenged statute and, indeed, every day that goes by Appellants suffer irreparable harm to their constitutional right to keep and bear arms.

Appellees requested Appellants' position on the relief requested herein, and counsel for Appellants stated that they would be filing a reply to their Motion to Stay (Docket 18) on Monday, November 28, but "have no objection to the expedited consideration of [the Stay Motion] after that date."

1

## ARGUMENT

**I. This Court Should Expedite Treatment of Appellants' Motion to Stay.**

While Appellants did not request expedited treatment of their Motion to Stay,[1] Appellees now request such relief here. Appellees' constitutional right to keep and bear arms in public has been eviscerated by New York's Concealed Carry Improvement Act ("CCIA"), which essentially made all of New York off limits for concealed carry by Appellees (and every other concealed carry license holder). The result is that the Second Amendment has in large part been rendered a nullity within New York, a situation which will continue as long as this patently unconstitutional statute remains in effect. As the Supreme Court has recently made pellucid, "[t]he constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2156 (2022) (*quoting McDonald v. City of Chi.*, 561 U.S. 742, 780 (2010)). Yet that is exactly the state of the law in New York while the CCIA is in effect. Every minute that passes, Appellees are subjected to ongoing constitutional violations and irreparable

---

[1] As Appellants have already received the relief they seek (with this Court's granting of Appellants' request for an "emergency" administrative stay), Appellants have little reason to press for a ruling on their motion for stay pending appeal.

2

harm from being denied their right to public carry which, prior to September 1, 2022, was an entirely common practice.

The district court below found both (i) that Appellees are likely to succeed on the merits of many of their challenges to the CCIA, and also (ii) that Appellees are likely to suffer and continue to suffer irreparable harm as a result of the CCIA's numerous constitutional violations. Indeed, a second federal district court has reached the same conclusion, in two opinions, about some of the same statutory provisions. *See Hardaway v. Nigrelli*, No. 22-CV-771 (JLS), 2022 U.S. Dist. LEXIS 200813 (W.D.N.Y. Nov. 3, 2022) and *Christian v. Nigrelli*, No. 22-CV-695 (JLS) (W.D.N.Y. Nov. 22, 2022) (Dkt. 49).[2] No court has reached a contrary conclusion, nor has this Court found otherwise. Thus, Appellees submit that immediate resolution of Appellants' stay motion is not only appropriate but necessary. Appellees thus request that this Court immediately set a hearing date on Appellants' Motion to Stay or, in the alternative, decide Appellants' Motion on submission, in order to further expedite resolution of this matter.

## CONCLUSION

This Court should expedite treatment of Appellants' Motion for a Stay and set it for argument immediately.

---

[2] https://storage.courtlistener.com/recap/gov.uscourts.nywd.142551/gov.uscourts.nywd.142551.49.0.pdf.

3

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us

Robert J. Olson
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com


Dated: November 23, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, I hereby certify that according to the word count feature of Microsoft Word 365, the document contains 653 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

>	*/s/ Stephen D. Stamboulieh*
>	Stephen D. Stamboulieh