# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-2908; 22-2972

**Caption [use short title]**

**Motion for:** Direct Clerk to Accept Briefs as filed on February 1, 2023, or if the Court requires, for leave to file a single consolidated Answering Brief up to 24,500 words

Set forth below precise, complete statement of relief sought:

Plaintiffs-Appellees move the Court for an Order directing the Clerk to accept Plaintiffs-Appellees' Answering Briefs (Documents 202, 262) as timely filed, or if the Court requires, for leave to file a single, consolidated Answering Brief not to exceed 24,500 words

Antonyuk v. Hochul

**MOVING PARTY:** Plaintiffs-Appellees   **OPPOSING PARTY:** Nigrelli, et al.

☑ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** Stephen D. Stamboulieh   **OPPOSING ATTORNEY:** Philip Levitz/Todd Long

[name of attorney, with firm, address, phone number and e-mail]

Stambouliah Law, PLLC
P.O. Box 428, Olive Branch, MS 38654
601-852-3440, Stephen@sdslaw.us

New York AG Office; 28 Liberty Street, NY, NY, 10005
212-416-6325; City of Syracuse, Office of Corporation Counsel
233 East Washington Street, Syracuse, NY 13202 315-448-8400
philip.levitz@ag.ny.gov; tlong@syrgov.net

**Court- Judge/ Agency appealed from:** USDC NDNY Glenn T. Suddaby

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☑ Yes ☐ No  If yes, enter date: March 20, 2023

**Signature of Moving Attorney:**
/s/ Stephen D. Stamboulieh   **Date:** 2/2/2023   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

IVAN ANTONYUK, *et al.*,

       Plaintiffs-Appellees,

v.

STEVEN A. NIGRELLI, MATTHEW J. DORAN,     No. 22-2908,
and JOSEPH CECILE     No. 22-2972

       Defendants-Appellants,

WILLIAM FITZPATRICK, *et al.*,

       Defendants.
_____

    I, STEPHEN D. STAMBOULIEH, an attorney admitted to practice before this Court, declare:

    1.    I am co-counsel for the Plaintiffs-Appellees in this matter. I submit this declaration in support of the Plaintiffs-Appellees' consent motion to direct the Clerk to accept the already-filed Answering Briefs as submitted (Documents 202, 262), or if required by the Court, for leave to file a single oversized Answering Brief of not more than 24,500 words by February 6, 2023.

    2.    This matter involves two separate appeals (Nos. 22-2908 and 22-2972) that were consolidated for consideration by this Court.

1

3. The State Defendants-Appellants asked for and were granted an enlargement of their Opening Brief to 16,500 words (*See* No. 22-2908, Documents 85, 89). Defendant-Appellant Cecile did not seek an enlargement of his opening brief (No. 22-2972).

4. On January 9, 2023, Defendants-Appellants Nigrelli and Doran filed their Opening Brief (Document 95 - 16,428 words) and Defendant-Appellant Cecile filed his Opening Brief (Document 90 - 6,099 words).

5. On January 17, 2023, Plaintiffs-Appellees filed their Motion to increase their word limit by the same amount as the State Defendants (16,500 words). This Motion was only filed in 22-2908.

6. Plaintiffs-Appellees Motion was granted by this Court on January 20, 2023 in 22-2908. *See* Document 237.

7. Plaintiffs-Appellees did not seek additional words in 22-2972.

8. On February 1, 2023, Plaintiffs-Appellees filed their Answering Brief to Defendant-Appellant Chief Cecile (Document 202 – 8,303 words) and their Answering Brief to Defendants-Appellants Nigrelli and Doran (Document 262 – 16,390 words).

9. On February 2, 2023, the case manager contacted undersigned and stated that only one answering brief is allowed to be filed by Plaintiffs-Appellees

2

in consolidated matters. However, as confirmed by the case manager, there is no local rule or published procedure in the Second Circuit governing consolidation and briefing. Likewise, there is no Federal Rule that mandates a single responsive brief to multiple appellant briefs.

10. Indeed, in one of this Court's cases, Appeal No. 10-3270, with respect to briefing, this Court ordered that "[a]ll parties are permitted to file briefs of the customary lengths as provided for in FRAP 32(a)(7), and "[i]f Appellees choose to file one brief in response to both Appellants' briefs, it is permitted to file an answering brief that does not exceed 18,000 words."

11. FRAP 3(b)(1) governs "joint or consolidated appeals," explaining that a joint appeal occurs based on a "joint notice of appeal" and the parties "then proceed on appeal as a single appellant." Subsection (b)(2) provides that "appeals may be joined or consolidated by the court of appeals." Moreover, the Committee Notes to FRAP 3(b) state that "[a] joint appeal is treated as a single appeal and the joint appellants file a single brief." However, the notes explain that, "[i]n consolidated appeals the separate appeals do not merge into one," and "[t]he parties do not proceed as a single appellant."

12. Even so, there is no rule in this Circuit that specifies Appellees are limited to a "single" brief when they are responding to multiple Appellant briefs in different consolidated dockets. Other Circuits have such a rule. For instance,

3

Fourth Circuit Local Rule 28(a) allows "[o]ne brief ... per side, including parties permitted to intervene, in all cases consolidated by Court order..."[1]

13. Certainly, this Court has inherent authority to control its own briefing schedules, however, Appellees would be greatly prejudiced in this matter were they limited to a single brief of only 16,500 words, in response to two separate but consolidated appeals, each entitled to separate briefs of up to 16,500 words (State) and 14,000 (Cecile), not to mention reply briefs of 7,000 words each.

14. Had this Court's rules provided Plaintiffs-Appellees were limited to a single answering brief, they would have moved for an even larger word limit increase in their January 17, 2023 request, instead only moving for a matching word-for-word increase in the 22-2908 appeal.

15. In order to fully engage with the very different (and at times mutually exclusive) arguments raised by both Appellants' briefs, and because there is no rule in this Circuit regarding a "single" brief, Plaintiffs-Appellees seek an Order from this Court either (1) ordering Plaintiffs-Appellants' briefs submitted on February 1, 2023 to be accepted and deemed timely "filed" by the Clerk, or (2) if required by the Court, for leave allowing Plaintiffs-Appellees to file a single brief

---

[1] *See* https://www.ca4.uscourts.gov/rules/rule28.html. *See also, e.g.*, Fifth Circuit Rule 28(a) and Ninth Circuit Rule 28-5.

4

with a word limit of 24,500 (in order to fully brief the issues in response to both of Appellants' Opening Briefs) by February 6, 2023.

16. Plaintiffs-Appellees therefore move this Court for an order to: (1) direct the Clerk to accept and that they be deemed timely filed the Answering Briefs (Documents 202, 262) that were submitted on February 1, 2023, or (2) if required by the Court, for leave to file a single "consolidated brief" in response to both Defendants-Appellants with an allowed word limit of 24,500 words.

17. Counsel for Plaintiffs-Appellees conferred with counsel for the Defendants-Appellants who stated that they will not oppose the motion if Plaintiffs-Appellees include the following in this motion: "a request that the appellants' reply brief deadline be moved to 14 days after the later of either (i) an order granting the appellees' request to accept the briefs filed on February 1, 2023, or (ii) the filing of a compliant appellees brief; and (b) appellees will not oppose any request the state appellants might file for up to 3500 additional words for their reply brief. The deadline request is necessary so that the appellants have sufficient time to respond to appellees' final compliant brief." Plaintiffs-Appellees have no objection to these requests.

18. Wherefore, the Plaintiffs-Appellees respectfully request an Order directing the Clerk to accept the Answering Briefs submitted by Plaintiffs-Appellees (Documents 202, 262) as timely filed on February 1, 2023 or, if required

5

by the Court, to allow them to file a single consolidated brief up to a maximum of 24,500 words by February 6, 2023.

Dated: February 2, 2023

>*/s/ Stephen D. Stamboulieh*
>Stephen D. Stamboulieh