

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

February 24, 2023

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Antonyuk v. Nigrelli*, Nos. 22-2908(L), 22-2972(Con)

Dear Ms. Wolfe:

I represent the state appellants, Steven Nigrelli and Matthew Doran, in the above-captioned appeal.

I write in opposition to the untimely motion for leave to file an amicus brief filed on February 23, 2023 by State Senate Minority Leader Robert G. Ortt and several additional legislators (ECF No. 351) ("Mot."). Proposed amici's motion should be denied for at least three reasons.

*First*, the motion is more than two weeks late without any legitimate justification. Under Federal Rule of Appellate Procedure 29(a)(6), "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed," i.e., here, no later than February 8. But proposed amici filed their motion and proposed brief on February 23. Proposed amici's only explanations for their delay are that they purportedly "recently became aware" of the amicus deadline, and they have been busy with legislative duties. Mot. at 2-3. But proposed amici

have been aware of this highly publicized litigation for many months. Indeed, lead proposed amicus Minority Leader Ortt has commented in the press on the litigation.[1] There is no reason Minority Leader Ortt and his co-proposed amici could not have tracked the relevant amicus deadline, which followed the ordinary schedule of the Federal Rules of Appellate Procedure. Moreover, proposed amici retained a private law firm to prepare their brief for them, so their own legislative duties cannot excuse their delay.

*Second*, proposed amici's motion's untimeliness is prejudicial to defendants. Proposed amici filed their brief after defendants' deadline for filing their reply briefs, so defendants will have no opportunity to respond substantively to the proposed amicus brief. Proposed amici cite no case in which this Court has approved an untimely filing of an amicus brief— much less when the opposing party would have no opportunity to respond. That is because this Court "disregard[s]" such untimely and prejudicial briefs. *Connecticut v. American Elec. Power Co.*, 582 F.3d 309, 320 n.2 (2d Cir. 2009), *rev'd on other grounds*, 564 U.S. 410 (2011); *see also Kreisberg ex rel. NLRB v. Healthbridge Mgmt., LLC*, No. 12-4890, 2013 WL 690977, at *1 (2d Cir. Jan. 30, 2013) (rejecting amicus brief as untimely even when brief was filed three days *before* opposing party's reply brief deadline[2]).

*Third*, proposed amici's brief is largely duplicative of arguments already made by plaintiffs and their amici who filed timely amicus briefs.

---

[1] *See, e.g.*, Jonah E. Bromwich, *Federal Judge Blocks N.Y. Gun Law, Finding Much of It Unconstitutional*, N.Y. Times (Oct. 6, 2022) (quoting Ortt). Proposed amici's awareness of this litigation distinguishes the single district-court case they cite that permitted an untimely amicus brief. *See Andersen v. Leavitt*, No. 03-cv-6115, 2007 WL 2343672, at *6 (E.D.N.Y. Aug. 13, 2007) (permitting untimely amicus brief when amicus discovered case late and case had not been "well-publicized"). In addition, there is no rule setting a specific deadline for amicus briefs in district courts, as there is in this Court (i.e., Federal Rule of Appellate Procedure 29(a)(6)).

[2] *See Kreisberg*, No. 12-4890, ECF Nos. 77, 106, 111.

Proposed amici's brief adds nothing drawing on any special expertise they may have.

For all these reasons, this Court should deny proposed amici's motion for leave to file their brief.

Respectfully submitted,

*/s/ Philip J. Levitz*

Philip J. Levitz
Assistant Solicitor General
(212) 416-6325

cc: Counsel of record (by ECF)

Word count: 544