

*John Ciampoli, Esq., Of Counsel*

February 28, 2023

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals
For the Second Circuit
40 Foley Square
Albany, New York 10007

    Re: *Antonyuk v. Nigrelli*, Nos. 22-2908(L), 22-972 (Con)

Dear Ms. Wolfe:

    As you may be aware, I represent the proposed *amici curiae*, the Minority Leader of the New York State Senate, Robert G. Ortt and Senator Andrew J. Lanza, *et al.*, joined by several New York State Senators and the Minority Leader of the New York State Assembly, William A. Barclay and Assembly Members Robert Smullen and Christopher Tague, *et al.*, joined by several Members of the New York State Assembly, in the above-captioned matter.

    This letter brief is in reply to the opposition letter briefs filed by the state Appellants Steven Nigrelli and Matthew Doran (ECF No. 356) and the Defendant-Appellant Joseph Cecile (ECF No. 358).

As an initial matter, I acknowledge that Federal Rule of Appellate Procedure 29 (a)(6) requires *amici* to file their briefs "no later than seven days after the principal brief of the party being supported is filed." Fed.R.App.P. 29(a)(6). However, contrary to the position of the party opponents, while the brief was admittedly untimely filed, there in fact exists legitimate justification for this delay as the day-to-day duties of these 30 state legislator necessitates that assembling such a unique group cannot simply be accomplished overnight.

We note here that the Clerk of the Court initially rejected the Appellees' briefs. We were under the impression that this stayed the triggering of the seven day statute of limitations. The reversal of the rejection, resulting in the period commencing on February 1, 2023, was quite unexpected.

It bears noting that in both cases cited by the Office of the Attorney General the number of days of delayed filing exceeds that in the case at bar. See Connecticut v. American Elec. Power Co., 582 F.3d 309 (2d Cir. 2009 rev'd on other grounds, 564 U.S. 410 (2011); Kreisberg ex rel. NLRB v. Healthbridge Mgmt., LLC, No. 12-4890, 2013 WL 690977 (2d Cir. Jan. 30, 2013).

Further, the Attorney General's supposition that the case has been "highly publicized litigation" (See ECF No. 356) underscores that this is in fact a matter of significant public interest.  To that end, any purported prejudice to opposing parties is outweighed by the prejudice to your proposed *amici* should their motion for leave be denied.  These 30 state legislators represent a unique view – not a duplicative argument – and do so as the duly-elected representatives of millions of constituents who support the right to keep and bear arms.

Finally, to further alleviate any perceived prejudice, your proposed *amici* invite this Court to afford opposing parties ample time to answer the arguments of

the amicus brief above and beyond the extent that they have already entered a reply.

    For all these reasons, we respectfully invite this Court to grant the proposed *amici's* motion for leave.

    If there are any questions regarding this matter; the best way to reach me is on my cell phone, 518 522 3548.

Very truly yours,

**John Ciampoli, Esq.**
**Of Counsel**
Perillo and Hill, LLP
285 West Main Street, Ste. 203
Sayville, New York 11782
Cell: 518.522.3548
Phone: 631.582.9422
e-mail address:
Ciampolilaw@Yahoo,com

*This submission is three pages, comprised of 539 words.*