# ⓢ Stambouliєh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

May 10, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, NY 10007

    **Re:** *Antonyuk v. Nigrelli*, Nos. 22-2908 (L), 22-2972 (Con)

Dear Ms. Wolfe:

    Appellants' 28(j) letter, advising of "recently enacted amendments to the" CCIA (Doc. 376), claims that two of Appellees' challenges are mooted, something Appellees dispute. In any event, a 28(j) letter is an inappropriate vehicle for dispositive motion practice.

    Appellants represent that "persons responsible for security"[1] now may carry firearms in "places of worship," allegedly mooting Pastor Mann's challenge on that ground. Appellants' apparent position – that Pastor Mann's church, in its *sole* discretion, may now designate or allow *anyone*[2] (up to and including the general public[3]) to be "responsible for security" and thus to carry firearms on church property – would be a welcome change. If that is not Appellants' binding legal position, they should so advise the Court. But either way, it does not moot Appellees' claim.

    First, Appellees also alleged that other provisions of the CCIA operate to ban firearms in Pastor Mann's church as well. JA73-75, ¶¶189-191, 194-196. Second, Pastor Mann's church, as private property, would remain covered by the CCIA's "restricted locations" provision, still requiring "express consent" or "clear and

---

    [1] Neither the Second Amendment nor *Bruen* requires that a person be declared "responsible for security" before enjoying the "right to carry a handgun for self-defense outside the home."

    [2] Contrary to Appellants' claim, Pastor Mann's challenge was not solely on behalf of himself and the church security team. JA73 ¶186.

    [3] *See* Doc. 94 in *Spencer v. Nigrelli*, No. 22-3237 ("anyone [the church] determines is responsible for church security ... *can* carry firearms").

conspicuous signage." Third, the amendments effectively treat church property as a "restricted location" – against which Appellees raised a First Amendment compelled speech claim – requiring affirmative actions from or statements by the church, and flipping the default rule that firearms may be carried unless specifically prohibited.

Appellants also claim that Plaintiff Leman's challenge is mooted insofar as the amendments now exempt "forest-preserve land" and "privately held land within a park" from the "public parks" firearm prohibition. However, Plaintiff Leman challenged the "public parks" prohibition broadly. JA55-56 ¶122; JA76 ¶201, 204; JA154-155. Plaintiff Johnson did so as well. JA63 ¶¶152-153.

Respectfully submitted,

Stephen D. Stamboulieh

cc: By ECF to all counsel of record