# ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

August 9, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, NY 10007

    **Re:** *Antonyuk v. Nigrelli*, Nos. 22-2908 (L), 22-2972 (Con)

Dear Ms. Wolfe:

    Yesterday, the United States District Court for the District of Hawaii granted a Temporary Restraining Order against enforcement of Act 52, Hawaii's post-*Bruen*-enactment. *See Wolford v. Lopez*, 2023 U.S. Dist. LEXIS 138190 (D. Haw. Aug. 8, 2023) (attached) ("Op."). Act 52 criminalized the licensed carry of a firearm in certain parking areas, in bars and restaurants that serve alcohol, on beaches and in parks, in banks, and on private property without the owner's express permission. The *Wolford* court enjoined the carry ban in most of these locations. Op. at 90-91.[1]

    Importantly, the court found the plaintiffs to be covered by the Second Amendment's plain text simply because they sought to carry firearms in "public" places in the colloquial sense. *See* Op. at 36, 41-46, 53, 70, 75; *cf.* Doc. 262 at 12-21.

    The court rejected Hawaii's early militia laws (prohibiting intoxication) and 1800's laws (prohibiting only intoxicated carry) as irrelevant to its modern prohibition of firearm possession at bars and restaurants. Op. at 46-49. Of course, these irrelevant laws and mid-to-late-1800's outliers cannot support an early American tradition of similar regulation. *See* Doc. 202 at 29 (actually showing a tradition of firearms being present in many of these places).

    As to beaches and parks, the court rejected Hawaii's government-as-proprietor argument, finding no Ratification-era evidence and minimal mid-to-late-1800's analogues to Hawaii's novel prohibition. Op. at 55-56, 59, 61-62. The court dismissed as unpersuasive *Maryland Shall Issue, Inc. v. Montgomery County*, 2023

---

[1] Judge Kobayashi also found the plaintiffs "will face immediate irreparable harm" (Op. at 89), like the plaintiffs here who, despite this matter being expedited, are <u>still</u> being irreparably harmed by the CCIA.

WL 4373260 (D. Md. July 6, 2023), because it gave too much weight to evidence that postdated the Fourteenth Amendment. Op. at 64-66.

      Finally, the court rejected Hawaii's 1700's and mid-to-late-1800's enclosed-lands laws as insufficient to flip the default property-ownership rule on its head. Op. at 79; *cf.* Doc. 262 at 55 (dismissing anti-poaching and enclosed-lands analogues as irrelevant).

                                                   Respectfully submitted,

                                                   Stephen D. Stamboulieh

cc:      By ECF to all counsel of record