**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 22-2908/22-2972            Caption [use short title]

Motion for: Motion to Strike Amicus Everytown's alleged

FRAP 28(j)

Set forth below precise, complete statement of relief sought:

Amicus Everytown for Gun Safety filed an alleged

FRAP 28(j).  It is not a 28(j), but is instead a supplemental

brief. This Court should strike Everytown's filing,

finish its consideration of this matter expeditiously

and affirm the district court's injunction with alacrity.

**Antonyuk v. Hochul**

MOVING PARTY: Ivan Antonyuk, et al.      OPPOSING PARTY: Nigrelli, Doran, Cecile

[✔] Plaintiff     [ ] Defendant

[ ] Appellant/Petitioner     [✔] Appellee/Respondent

MOVING ATTORNEY: Stephen D. Stamboulieh     OPPOSING ATTORNEY: Philip Levitz; Danielle Smith

[name of attorney, with firm, address, phone number and e-mail]

Stamboulieh Law, PLLC     NY Office of ATTY GEN; City of Syracuse

PO Box 428, Olive Branch, MS 38654     28 Liberty St., NY, NY; 233 East Washington St., Syracuse, NY

stephen@sdslaw.us; 601-852-3440     dsmith@syr.gov; 315-448-8400; Philip.Levitz@ag.ny.gov; (212) 416-6325

Court- Judge/ Agency appealed from: USDC NDNY - Hon. Glenn T. Suddaby

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes    [ ] No (explain):_____

_____

Opposing counsel's position on motion:
[ ] Unopposed   [✔] Opposed   [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes   [ ] No   [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?    [ ] Yes [ ] No

Has this relief been previously sought in this court?    [ ] Yes [ ] No

Requested return date and explanation of emergency: _____

_____

_____

_____

Is oral argument on motion requested?    [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [✔] Yes [ ] No If yes, enter date: March 20, 2023

Signature of Moving Attorney:

/Stephen D. Stamboulieh    Date: 10/12/2023    Service by: [✔] CM/ECF   [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

IVAN ANTONYUK, *et al.*,

                 Plaintiffs-Appellees,

v.

STEVEN A. NIGRELLI, and MATTHEW J. DORAN      Nos. 22-2908 (L)
                                                      22-2972 (C)

                 Defendants-Appellants,

WILLIAM FITZPATRICK, *et al.*,

                 Defendants.

_____

## DECLARATION IN SUPPORT OF MOTION TO STRIKE PURPORTED
## F.R.A.P. 28(j) NOTICE FILED BY AMICUS
## EVERYTOWN FOR GUN SAFETY

     STEPHEN D. STAMBOULIEH, declares under penalty of perjury, pursuant

to 28 U.S.C. § 1746, that the following is true and correct:

1. I am co-counsel for Plaintiffs-Appellees in this matter.

2. This declaration and the annexed memorandum of law are submitted in support

   of the Plaintiffs-Appellees' Motion to Strike *amicus* Everytown for Gun

   Safety's purported Rule 28(j) letter.

3. For all the reasons set forth in the attached memorandum, this Court should

   grant the relief requested.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

IVAN ANTONYUK, *et al*.,

        Plaintiffs-Appellees,

v.

STEVEN A. NIGRELLI, and MATTHEW J. DORAN     Nos. 22-2908 (L)
                                 22-2972 (C)

        Defendants-Appellants,

WILLIAM FITZPATRICK, *et al*.,

        Defendants.

_____


## MOTION TO STRIKE PURPORTED F.R.A.P. 28(j) NOTICE FILED BY AMICUS EVERYTOWN FOR GUN SAFETY

Stephen D. Stamboulieh      Robert J. Olson
Stamboulieh Law, PLLC      William J. Olson, PC
P.O. Box 428      370 Maple Ave. West, Suite 4
Olive Branch, MS  38654      Vienna, VA 22180-5615
(601) 852-3440      703-356-5070
stephen@sdslaw.us      wjo@mindspring.com
*Attorneys for Appellees*

**Dated: October 12, 2023**

# TABLE OF CONTENTS

Table of Authorities ................................................................................. ii

Argument..................................................................................................... 1

   I.   This Court Should Strike Everytown's Purported 28(j) Letter........................1

Conclusion ................................................................................................. 7

Certificate of Compliance...........................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Antonyuk v. Nigrelli*, 143 S. Ct. 481 (2023) ...............................................................6

*Cohen v. Empire Blue Cross & Blue Shield*, 176 F.3d 35 (2d Cir. 1999) ................1

*DiBella v. Hopkins*, 403 F.3d 102 (2d Cir. 2005) .......................................................2

*Espinoza v. Mont. Dep't of Revenue*, 140 S. Ct. 2246 (2020) ...................................4

*In re Clinton Nurseries, Inc*., No. 20-1209, Dkt. 104 (2d Cir. Filed May 5, 2021) ..3

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) ........................4, 5

*U.S. v. Broadcast Music, Inc*., No. 16-3830, Dkt. 192 (2d Cir. Nov. 22, 2017) .......4

**Rules**

F.R.A.P. 27 ....................................................................................................................1

F.R.A.P. 28(j) ....................................................................................................... *passim*

Local Rule 27.1 .............................................................................................................1

Plaintiffs-Appellees hereby move this Court, pursuant to F.R.A.P. 27 and Local Rule 27.1, for an Order striking Everytown for Gun Safety's ("Everytown") "F.R.A.P. 28(j)" (Doc. 391).[1]

## ARGUMENT

### I. This Court Should Strike Everytown's Purported 28(j) Letter.

On October 12, 2023, *amicus* Everytown filed what it styles as a "F.R.A.P. 28(j)" in this case. *See* Document 391 (Lead), Document 304 (Consolidated). F.R.A.P. 28(j) states, in part, that "[i]f pertinent and significant authorities come to a **party's** attention after the **party's** brief has been filed—or after oral argument but before decision—a **party** may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations." (emphasis added). There is no question that "[a]n amicus curiae is not a party…" *Cohen v. Empire Blue Cross & Blue Shield*, 176 F.3d 35, 41 (2d Cir. 1999). Notwithstanding its clear nonparty status, Everytown filed a purported Rule 28(j) notice, which purports to include "53 additional examples and sources" of supposed "restrictions on firearms in parks." Doc. 304, at 1. Yet upon review, Everytown's filing is not a Rule 28(j) notice, but rather a supplemental brief – one filed by a nonparty, at that.

---

[1] Counsel for Plaintiffs-Appellees conferred with counsel for both sets of Defendants-Appellants regarding the relief requested in this Motion. Both stated their opposition to the relief requested in this Motion.

While Everytown's letter purports to provide the Court with "supplemental authority," in reality Everytown's exhibit does not provide any *actual* historical authorities. Rather, Everytown provides what it styles an "Exhibit" entitled "Table of Parks Restrictions" – a document that apparently was *prepared by Everytown*. *Id.* at 3-23. This Exhibit provides selective quotations to various purported historical records that are alleged to exist, yet includes countless ellipses, evidencing words that Everytown *has subtracted*, and contains numerous [bracketed] words that Everytown apparently *has added*. This Court cannot rely on this edited version of an alleged historical record. *See DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005) (citations omitted) ("Rule [28(j)] cannot be used to submit new evidence to the appeals court.").

Next, Everytown opines that its submission is appropriate because "this research has taken considerable time," and that "[h]istorical research is a slow and cumulative process." *Id*. at 1. No doubt, any research takes time. But Everytown forgets the procedural posture of this case, which is on review of a preliminary injunction that was entered **more than 11 months ago**, based on a case that was filed **nearly 13 months ago**. To the extent that Everytown – a nonparty – wishes to offer new authorities in an attempt to resuscitate the CCIA, the proper place would be later, on summary judgment in the district court, with the trial court's preliminary injunction affirmed.

Nor is it probable that Everytown suddenly discovered all of its 53 new authorities today, this week, or even this month. Indeed, Everytown claims that the process has been "cumulative." Doc. 391 at 1. Everytown thus concedes that it has been in possession of many of these sources for some time, but has chosen not to inform the Court, apparently having waited weeks and/or months to do so. Everytown's blatant delay in notifying the Court of these alleged sources further counsels in favor of striking Everytown's supplemental filing.

It is also worth recounting that this Court _denied_ a motion for leave to file an amicus brief in this case, proposed by "30 Members of New York State Legislature," which would have been in support of Plaintiffs. *See* Document 365. Opposing that filing, Defendants claimed the proposed *amicus* brief, filed only two weeks after the deadline, was "prejudicial" because it was "more than two weeks late." *See* Document 356, State Opposition to New York State Legislature Amicus at 2. It is more than a bit ironic that Defendants oppose to Plaintiffs' motion to strike now (*see supra* at n.1), apparently having no concerns with the filing of what amounts to an amicus brief (this time supporting them) more than 38 weeks late. This Court should not permit it.

Next, Everytown demurs this Court has "accepted 28(j) letter from amici" in the past. *See* Doc. 391 at 1 n. 1. In support, Everytown first cites *In re Clinton Nurseries, Inc*., No. 20-1209, Dkt. 104 (2d Cir. Filed May 5, 2021), which involved

an *amicus* **response** to a 28(j) filed **by a party** (and apparently without objection from either side).[2] Everytown's third case, *U.S. v. Broadcast Music, Inc*., No. 16-3830, Dkt. 192 (2d Cir. Nov. 22, 2017) involved the Court **denying** an *amicus* request to participate in argument, but permitting a short opportunity **to respond** – contemporaneously with ongoing proceedings – by filing a 28(j). Doc. 391 at 1 n.1.

But even on their merits, Defendants' new purported analogues are entirely unhelpful and, in fact, historically irrelevant. For starters, the earliest of Everytown's new ordinances did not come into being until 1858, nearly three-quarters of a century after the Founding. Doc 391. at 3. The vast majority – 38 of 53 – are from the 20th century, with the last from 1940, *nearly two centuries after ratification*. *Id*. at 22. This is precisely the sort of late-coming historical records the Supreme Court has expressly rejected. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2137 (2022) (treating 19th-century evidence "as mere confirmation" of a historical tradition); *id*. at 2154 n.28 (rejecting 20th-century laws as failing to "provide insight into the meaning of the Second Amendment when it contradicts earlier evidence"). Indeed, a historical tradition that did not exist at the Founding cannot be created in the 19th Century. *See Espinoza v. Mont. Dep't of Revenue*, 140 S. Ct. 2246, 2258-59 (2020) (rejecting Reconstruction-era laws from "more than 30

---

[2]

https://storage.courtlistener.com/recap/gov.uscourts.ca2.49929/gov.uscourts.ca2.49929.104.0.pdf.

States" as failing to "establish an early American tradition").  The Supreme Court thus has explicitly rejected the very sort of "tradition" that Everytown's 28(j) offers.

The temporal irrelevance of Everytown's sources is a separate problem from whether they even comport with *Bruen*'s "how" and "why" metrics for analogical reasoning, as many of Everytown's sources likely were anti-poaching measures – entirely unlike the CCIA's broad ban on law-abiding persons carrying handguns in public for self-defense.  Moreover, the large majority of sources provided by Everytown appear to be from a city, borough, village, district, or municipal authority.  Some repeat the same cities.  *See, e.g.*, #6, 10, 55, 83 (all Chicago).  The first purported *statewide* ban identified was 1901 (Minnesota), and purported to create a 3,000 foot firearm exclusion zone around all parks.  *Id*. at 10.  This plainly violates the Supreme Court's admonition not to, for example, turn the entire Island of Manhattan into a sensitive place.  *Bruen* at 2134.

Of course, Plaintiffs cannot adequately (or appropriately) respond, via a motion to strike, to Everytown's eleventh-hour attempt to inject new life into the CCIA.  To do so would take a supplemental brief.  But there is absolutely no justification to require, permit, or allow such additional litigation now, when this matter has been briefed, argued, submitted, and pending before the Court for **nearly seven months**.  Nor is there any reason to allow Everytown to file a supplemental

brief, offering novel and untested authorities, without the opportunity briefing or argument by the parties.

Rule 28(j) letters typically advise of a new development in another court. Notably, none of Everytown's authorities is of that sort – in fact, not a single one is from this year, this decade, or even this century. It would have been inappropriate *for Defendants* to have attempted to inject new historical evidence at this late date. It is doubly inappropriate *for a nonparty amicus* to attempt to do so.

On January 11, 2023, two Justices from the United States Supreme Court stated that "[a]pplicants [in this case] should not be deterred by today's order from again seeking relief if the Second Circuit does not, within a reasonable time, provide an explanation for its stay order or expedite consideration of the appeal." *Antonyuk v. Nigrelli*, 143 S. Ct. 481 (2023) (Statement of Justice Alito, with whom Justice Thomas joins, respecting the denial of the application to vacate stay). While this Court scheduled briefing and heard argument quickly, its opinion has not been forthcoming. Now, Everytown seeks to reset the clock entirely, asking the Court to begin its historical analysis (at least to parks[3]) anew, with the only possible effect to

---

[3] Should this Court permit Everytown's filing today, who knows what Everytown (or any other *amicus*) might attempt tomorrow, perhaps seeking to pad the stats and offer additional irrelevant historical authorities for other of the CCIA's dozens of so-called "sensitive locations." Perhaps such measures already are in the works. This Court should not open Pandora's box.

further delay issuance of the Court's opinion.  To permit Everytown's shenanigans would be to ignore the Justices' warning.

## CONCLUSION

This Court should strike Everytown's filing and conclude its consideration of this matter without delay.

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us

Robert J. Olson
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

Dated: October 12, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, I hereby certify that according to the word count feature of Microsoft Word 365, the document contains 1,477 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh