# 22-2908 (L)
## 22-2972 (Con)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

IVAN ANTONYUK, COREY JOHNSON, ALFRED TERRILLE, JOSEPH MANN, LESLIE LEMAN, LAWRENCE SLOANE,

*Plaintiffs-Appellees,*

v.

STEVEN A. NIGRELLI, in his Official Capacity as Acting Superintendent of the New York State Police, MATTHEW J. DORAN, in his Official Capacity as the Licensing Official of Onondaga County, JOSEPH CECILE, in his Official Capacity as the Chief of Police of Syracuse,

*Defendants-Appellants,*

KATHLEEN HOCHUL, in her Official Capacity as the Governor of the State of New York, WILLIAM FITZPATRICK, in his Official Capacity as the Onondaga County District Attorney, EUGENE CONWAY, in his Official Capacity as the Sheriff of Onondaga County, P. DAVID SOARES, in his Official Capacity as the District Attorney of Albany County, GREGORY OAKES, in his Official Capacity as the District Attorney of Oswego County, DON HILTON, in his Official Capacity as the Sheriff of Oswego County, JOSEPH STANZIONE, in his Official Capacity as the District Attorney of Greene County,

*Defendants.*

On Appeal from the United States District Court
for the Northern District of New York

**RESPONSE OF AMICUS CURIAE EVERYTOWN FOR GUN SAFETY TO PLAINTIFFS-APPELLEES' MOTION TO STRIKE**

Plaintiffs-Appellees ("Plaintiffs") have moved to strike the Rule 28(j) letter that amicus curiae Everytown for Gun Safety ("Everytown") filed on October 12, 2023. *See* Dkt. 391 (letter); Dkt. 393 (motion). They stray far beyond their procedural objections to Everytown's filing—which are mistaken, as discussed below—and purport to raise a host of substantive points. Most tellingly, they argue that "[i]t would have been inappropriate *for Defendants* to have attempted to inject new historical evidence at this late date." Dkt. 393 at 6. In other words, Plaintiffs maintain that this Court should issue a binding ruling on constitutional law, with far-reaching public-safety implications, *on the basis of an incomplete understanding of historical laws*. That cannot possibly be what the Supreme Court intended when it decided *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *See, e.g.*, *id.* at 2133, 2149 (citing amicus briefs submitted in Supreme Court for historical propositions). Everytown respectfully requests that this Court deny Plaintiffs' motion.

Stripped of its rhetoric, baseless allegations, and improper substantive arguments,[1] Plaintiffs' motion raises two objections to Everytown's letter. First,

---

[1] Although Plaintiffs accuse Everytown of improperly submitting a supplemental brief as a 28(j) letter, *they* circumvented the 350-word limit that Rule 28(j) specifies for responses by filing a much lengthier motion, including several substantive arguments. Everytown's response focuses on the procedural propriety of its letter, but, to be clear, it does not concede any of Plaintiffs' other arguments and allegations.

2

Plaintiffs argue that an amicus curiae cannot file a Rule 28(j) letter. *See* Dkt. 393 at 1. Second, they argue that Everytown "does not provide any actual historical authorities." *Id.* at 2 (emphasis omitted). Neither objection has merit.

To start, there is nothing improper about Everytown filing a Rule 28(j) letter as an amicus. In its letter, Everytown provided three examples of this Court accepting Rule 28(j) letters from amici. *See* Dkt. 391 at 1 n.1. Plaintiffs attempt to distinguish two of these examples, *see* Dkt. 393. at 3-4, but they are unable to dispute that this Court did, in fact, allow Rule 28(j) letters from amici in both instances—and they have no response at all to Everytown's other example. In any event, there are numerous additional examples of this Court accepting Rule 28(j) letters from amici.[2] Meanwhile, Plaintiffs' only cited case purportedly to the contrary concerns not Rule 28(j) letters, but whether the government's participation as amicus affects the jurisdictional, mandatory deadline for filing a

---

[2] *See, e.g.*, *10012 Holdings, Inc. v. Sentinel Ins. Co.*, No. 21-80, Dkt. 113-1 (2d Cir. filed June 15, 2021); *In re Walton*, No. 19-789, Dkt. 72 (2d Cir. filed Aug. 23, 2019); *Cargian v. Breitling USA, Inc.*, No. 16-3592, Dkt. 74 (2d Cir. filed Mar. 28, 2017); *Magnusson v. Cnty. of Suffolk*, No. 16-1876, Dkts. 59, 71, 88, 91-1 (2d Cir. filed Nov. 14, 2016, Dec. 22, 2016, Mar. 28, 2017, Apr. 13, 2017); *Telebeam Telecomms. Corp v. City of New York*, No. 16-2748, Dkt. 175 (2d Cir. filed Nov. 7, 2016); *Patterson v. Raymours Furniture Co.*, No. 15-2820, Dkt. 118 (2d Cir. filed June 7, 2016); *Berman v. Neo@Ogilvy LLC*, No. 14-4626, Dkts. 105, 121, 129 (2d Cir. filed May 21, 2015, June 26, 2015, Aug. 5, 2015); *Barron v. Igolnikov*, No. 10-1387, Dkt. 111 (2d Cir. filed Feb. 24, 2011).

notice of appeal under Rule 4. *See id.* at 1 (citing *Cohen v. Empire Blue Cross & Blue Shield*, 176 F.3d 35, 41 (2d Cir. 1999)).

Second, there is no merit to Plaintiffs' criticism of Everytown's Exhibit—a table identifying supplemental historical authorities—as misleading or otherwise improper. *See* Dkt. 393 at 2. Far from providing this Court with an "edited version" of the historical record, *see id.*, the table provides citations to the historical laws and, for good measure, hyperlinks to primary sources where the Court can view their full text, *see* Dkt. 391, Exhibit A.[3] As noted at the top of Exhibit A, a compilation of PDFs of the historical laws is also available on Everytown's website.[4] Those laws speak for themselves; Everytown presented them in an organized table simply for this Court's convenience, including quotations of key language to assist the reader in locating the pertinent passage.[5]

---

[3] The only items without hyperlinks are three California restrictions that Everytown obtained directly from the California State Library. *See* Dkt. 391, Exhibit A, rows 110, 111, & 113.

[4] *See* Dkt. 391, Exhibit A (citing https://everytownlaw.org/everytown-center- for-the-defense-of-gun-safety/sensitive-places/parks-restrictions/). For permanent reference, that page is now preserved at https://perma.cc/HBT9-RG3D (as of October 17, 2023); the PDF compilation linked at that page is preserved at https://perma.cc/XV29-LFF6 (same). The compilation includes PDFs of all three California restrictions discussed in note 3 above.

[5] Just as many briefs and pleadings use ellipses and brackets when referencing much longer quotations, the chart does the same. *Cf.* Dkt. 393 at 1 (using ellipsis).

For these reasons, Everytown opposes Plaintiffs' motion to strike, and asks this Court to deny it.

Dated: October 19, 2023

Respectfully submitted,
/s/ Janet Carter
Janet Carter
William J. Taylor, Jr.
Everytown Law
450 Lexington Ave, P.O. Box 4184
New York, NY 10017
jcarter@everytown.org
(646) 324-8174

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(c) because this response contains 822 words, excluding the portions exempted by Fed. R. App. P. 32(f), and complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(c) because this response has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Baskerville font.

/s/ Janet Carter
Janet Carter
*Counsel for amicus curiae*
*Everytown for Gun Safety*