# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

IVAN ANTONYUK, *et al*.,

       Plaintiffs-Appellees,

v.

STEVEN A. NIGRELLI, and MATTHEW J. DORAN     Nos. 22-2908 (L)
                                                                                     22-2972 (C)

       Defendants-Appellants,

WILLIAM FITZPATRICK, *et al*.,

       Defendants.

_____

## PLAINTIFFS' REPLY TO EVERYTOWN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PURPORTED F.R.A.P. 28(j) NOTICE

    Stephen D. Stamboulieh         Robert J. Olson
    Stamboulieh Law, PLLC           William J. Olson, PC
    P.O. Box 428                               370 Maple Ave. West, Suite 4
    Olive Branch, MS  38654          Vienna, VA 22180-5615
    (601) 852-3440                          703-356-5070
    stephen@sdslaw.us               wjo@mindspring.com
    *Attorneys for Appellees*

    **Dated: October 24, 2023**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Argument.................................................................................................................. 1

I.    This Court Should Reject *Amicus* Everytown's Repeated Attempts to Delay Resolution of this Case……………………………………………………1

Conclusion ............................................................................................................... 2

Certificate of Compliance.........................................................................................3

# TABLE OF AUTHORITIES

**Cases**

*Elrod v. Burns*, 427 U.S. 347 (1976)……………………………………………….2

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)………………….2

**Rules**

F.R.A.P. 28(j)................................................................................................................1

## ARGUMENT

I. **This Court Should Reject *Amicus* Everytown's Repeated Attempts to Delay Resolution of this Case.**

Doubling down on its attempt to anoint itself with party-like status in this case, on October 19, 2023, *amicus* Everytown for Gun Safety ("Everytown") filed what it styles a "Response" (Doc. 396) to Plaintiffs' Motion to Strike (Doc. 393) Everytown's FRAP 28(j) letter (Doc. 391). For the same reasons set out in Plaintiffs' motion to strike as to why *amicus'* 28(j) letter should be struck, this Response too should be struck. As an *amicus*, Everytown has no status to engage Plaintiffs in motion's practice in this case – especially since the Defendants it supports have declined to file an opposition to Plaintiffs' motion to strike.

As explained in Plaintiffs' motion to strike, even if Everytown were a party, the document it entitled as a "28(j) letter" in reality was a supplemental brief in disguise. Briefing and argument in this case concluded long ago, and the continuing motions practice by this *amicus* appears to be yet another desperate effort to delay this Court's ruling and keep in effect the Court's stay of the district court's injunction.

Everytown claims that "Plaintiffs maintain that this Court should issue a binding ruling on constitutional law, with far-reaching public-safety implications, on the basis of an **incomplete** understanding of historical laws." Doc. 396 at 2 (emphasis added). Thus, *amicus* Everytown appears to be concerned that

1

Defendants' briefing failed to provide this Court with sufficient relevant historical analogues to justify New York's statute – a matter on which Plaintiffs would agree. However, accepting Everytown's position would mean that not only parties but also *amici* could continually supplement the historical record in any Second Amendment case, without any time limitation. On the contrary, at some point, that record must close, or a decision will never be issued. In this case, that point was long ago. Today, nearly 16 months after *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) was decided, Plaintiffs **still** have fewer Second Amendment rights they had then prior to *Bruen* being decided.[1]

## CONCLUSION

This Court should strike Everytown's 28(j) (Doc. 391) and Everytown's Response (Doc. 396), and conclude its consideration of this matter without delay.

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

Robert J. Olson

---

[1] As the Supreme Court has held in the First Amendment context, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

2

                                                      William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

Dated: October 24, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, I hereby certify that according to the word count feature of Microsoft Word 365, the document contains 406 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

                                                      */s/ Stephen D. Stamboulieh*
Stephen D. Stambouliеh