# ⓢ Stambouliieh Law, PLLC

P.O. Box 428, Olive Branch, MS  38654 | (601) 852-3440 | stephen@sdslaw.us

October 27, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, NY 10007

    **Re:** *Antonyuk v. Nigrelli*, Nos. 22-2908 (L), 22-2972 (Con)

Dear Ms. Wolfe:

    On October 24, 2023, the United States District Court for the Southern District of New York found a number of New York City's firearm regulations unconstitutional, including the requirement that a permit applicant demonstrate "good moral character." *Srour v. New York City*, 2023 U.S. Dist. LEXIS 190340 (S.D.N.Y. Oct. 24, 2023). *See* Opening Br. at 23-25. Of note, the *Srour* court reiterated that "the possession of firearms for lawful purposes—plainly falls within the text of the Second Amendment." *Id*. at *2.

    The *Srour* court held that "assessments of 'good moral character' or 'good cause' are regulations which the government must justify 'by demonstrating that [they are] consistent with the Nation's historical tradition of firearm regulation.'" *Id*. at *34 (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022)). As the court explained, "*Bruen* itself … poses considerable obstacles for Defendants to overcome in defending the Challenged Firearms Licensing Provisions." *Id*. at *35.

    Defendants in *Srour* argued "Founding-era regulations restricted firearms sales to people that the Founders deemed dangerous or potentially dangerous." *Id*. at *42. However, the *Srour* court held that "a law preventing a person who is 'dangerous or potentially dangerous' from possessing a firearm is hardly analogous to denying someone their Second Amendment's rights based on a City official's discretionary determination that that person 'lacks good moral character.'" *Id*. *See* Opening Br. at 26 n.14. The court also rejected loyalty oaths (*id*. at 43-44) (Opening Br. at 21 n. 10), rejected surety laws (*id*. at 45-50) (Opening Br. at 32), and rejected affray laws (*id*. at 52-54) (Opening Br. at 42) offered as historical analogues.

For the same and similar reasons, and as briefed, New York's "good moral character" provision is unconstitutional.

Respectfully submitted,

Stephen D. Stamboulieh

cc: By ECF to all counsel of record