

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

November 2, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Antonyuk v. Hochul*, Nos. 22-2908, 22-2978

Dear Ms. Wolfe:

I represent the state defendants-appellants in the above-captioned appeal. I write in response to the plaintiffs-appellees' October 27, 2023, letter, submitted under Federal Rule of Appellate Procedure 28(j).

Plaintiffs draw this Court's attention to a recent district-court decision, *Srour v. New York City*, No. 22-cv-003, 2023 WL 7005172 (S.D.N.Y. Oct. 24, 2023) (Cronan, J.). The plaintiff in *Srour* challenged the New York City Police Department's denials of his 2018 and 2019 applications for licenses to possess firearms in his home, which were based on the Department's determination that Srour lacked good cause for a license and good moral character.[1] *See id.* at *1. After the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), New York City amended its licensing regulations to eliminate the good-cause requirement and amend the good-moral-character requirement to include the statutory definition of the term adopted by the State Legislature in the Concealed Carry Improvement Act (CCIA). Srour's application was reviewed under New York City's prior

---

[1] The Department is the statutory licensing official for New York City, where Srour resides and submitted his application.

28 LIBERTY STREET, NEW YORK, NY 10005-1400 • PHONE (212) 416-8020 • FAX (212) 416-8962 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

regulations, and it is these regulations that the district court concluded were contrary to the Second Amendment. *See Srour*, 2023 WL 7005172, at *7-10.

The district court's decision in *Srour* has no application here. The CCIA provisions challenged in this appeal do not include a good-cause requirement, and they provide a detailed definition of good moral character to cabin the discretion of licensing officials, thereby avoiding the purported constitutional defect identified in *Srour*. See State Br. 9-10, 28-29; State Reply Br. 7-8. Moreover, the district court's analysis in *Srour* was deeply flawed. Among other things, the court (i) erroneously rejected as insufficiently analogous centuries of laws requiring dangerous persons to be disarmed, *see Srour*, 2023 WL 7005172, at *16, and (ii) failed to address many historical precedents for good-moral-character requirements, such as comparable provisions that were widespread in nineteenth-century firearm-licensing laws (see State Br. 35-36). New York City has therefore appealed the *Srour* decision and is seeking emergency relief in this Court. *See Srour v. New York City*, No. 23-7549 (2d Cir.).

Respectfully,

/s/ Philip J. Levitz

Philip J. Levitz
Senior Assistant Solicitor General
(212) 416-6325

cc: Counsel of record (by ECF)