# ⓈStambouliehLaw,PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

November 21, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, NY 10007

    **Re:** *Antonyuk v. Nigrelli*, Nos. 22-2908 (L), 22-2972 (Con)

Dear Ms. Wolfe:

    Today, the U.S. Court of Appeals for the Fourth Circuit invalidated Maryland's "handgun qualification license" process which, like New York, requires state licensure merely to be eligible to purchase a handgun. *Maryland Shall Issue, et al. v. Moore, et al.*, No. 21-2017, Doc. 58 (4th Cir. Nov. 21, 2023) ("Op.").[1]

    Whereas here, New York claimed that the CCIA does not even "implicate the Second Amendment's text" (Doc. 95 at 28), the Fourth Circuit easily found otherwise, explaining that, "[i]f you do not *already* own a handgun" (like Plaintiff Sloane here), "the only way to 'keep' or 'bear' one is to get one … [a]nd the challenged law cuts off all … avenues" to obtain one without licensure, as does New York's regime. Op. at 9. Likewise, the Fourth Circuit explained, "even though Maryland's law does not prohibit Plaintiffs from owning handguns at some time in the future, it still prohibits them from owning handguns *now*," and that "temporary deprivation … is a facially plausible Second Amendment violation." Op. 10, 12.

    Thus proceeding to apply the *Bruen* historical framework, the Fourth Circuit flatly rejected the same sort of "dangerousness" and "militia" laws New York offered this Court (*see* Doc. 95 at 34-36 and *passim*), explaining that "Maryland's law burdens all the people … rather than just a class … deemed presumptively dangerous" (Op. 16), and that militia laws uniformly "placed no restrictions on acquiring or owning firearms" (Op. 17).

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.ca4.164615/gov.uscourts.ca4.164615.58.0.pdf

      Finally, but importantly, both the majority (Op. 12 n.9) and dissent (Op. 27-28 and n.4) agreed that *Bruen* did not approve of all purported "shall issue" permitting regimes that "rely on 'objective' criteria" (Op. 9), the same argument New York made here (Doc. 95 at 46), a claim which Plaintiffs disputed (Doc. 262 at 40) and which the court below called "just disingenuous" (PI Tr. 60:10-15).[2]

                                              Sincerely yours,

                                              Stephen D. Stambouliéh

cc:      By ECF to all counsel of record

---

[2] https://bit.ly/3WPtBwo.