

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

December 5, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Antonyuk v. Hochul*, Nos. 22-2908, 22-2978

Dear Ms. Wolfe:

I represent the state defendants-appellants in the above-captioned appeal. I write in response to plaintiffs-appellees' November 21, 2023, letter regarding the decision of a divided Fourth Circuit panel to enjoin the enforcement of a Maryland handgun-licensing requirement. *See Maryland Shall Issue, Inc. v. Moore*, No. 21-2017, Doc. 58 (4th Cir. Nov. 21, 2023). The decision has no bearing on this appeal as it is inapposite and unpersuasive.

First, unlike this case, the Fourth Circuit's decision did not involve a permitting requirement for the public carry of firearms. Instead, the plaintiffs there challenged only Maryland's preliminary licensure requirement for possessing a handgun. The Fourth Circuit's analysis was therefore limited to historical analogues for restrictions on firearms *possession* and the majority recognized (*id.* at 13 n.9) that it may well be appropriate to have greater restrictions on the public carrying of firearms than on the possession of a handgun for self-defense at home. As the state defendants explained in their opening brief to this Court (see, e.g.*,* State Br. at 34-36, 54-58), restrictions on public carrying have ample historical precedent.

Second, as Judge Barbara Keenan's dissent correctly explained (at 22), the Fourth Circuit majority's "hyperaggressive view of the Second Amendment" "fundamentally misapplies" *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Among other things, the majority misread *Bruen*'s discussion of "shall-issue" firearm licensing regimes, which makes explicit that these regimes—like New York's current regime—"generally are constitutionally permissible." Dissent at 29 (citing *Bruen*, 142 S. Ct. at 2138 n.9). The majority also failed to address many historical precedents for Maryland's licensing law that share the same mechanism of requiring all individuals who wish to have a handgun to demonstrate that they can safely be entrusted with such a gun before they are entitled to do so. See, e.g., State Br. at 35-36. The defendants in *Maryland Shall Issue* are therefore seeking rehearing en banc. *See* No. 21-2017, Doc. 60 (4th Cir. Dec. 5, 2023).

           Respectfully,

           /s/ Philip J. Levitz

           Philip J. Levitz
           Senior Assistant Solicitor General
           (212) 416-6325

cc: Counsel of record (by ECF)