# ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

September 16, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
the Second Circuit
40 Foley Square
New York, NY 10007

    **Re:** *Antonyuk v. James*, Nos. 22-2908 (L), 22-2972 (Con)

Dear Ms. Wolfe:

    Appellees file this response to the State's 28(j) letter regarding *Wolford v. Lopez*, 2024 U.S. App. LEXIS 22698 (9th Cir. Sept. 6, 2024).

    The State notes that *Wolford* "declined to follow" this Court's lead in striking down a gun ban on private "property open to the public," apparently suggesting that this Court revisit its ruling here. But only recently the State asked this Court to reinstate the mandate in *Christian v. James*, No. 22-cv-00695, so that "the district court will have an opportunity to address the effect of *Rahimi* in the first instance…." *See Christian*, No. 22-2987, Dkt. 186. The State does not clarify why it seeks to have both this Court and the *Christian* district court simultaneously consider the same issue. Also unclear is how this Court would, in this case (*Antonyuk*), overrule the result of its final decision (and reimposed mandate) in *Christian*.[1] In any event, *Wolford* is the only decision of which Appellees are aware which upheld a ban at entirely public places such as gas stations and grocery stores. *Cf. Koons v. Platkin*, 673 F. Supp. 3d 515 (D.N.J. 2023); *Kipke v. Moore*, 2024 U.S. Dist. LEXIS 137003 (D. Md. Aug. 2, 2024). This Court should reject the State's invitation to reopen this settled issue and adopt the Ninth Circuit's outlier reasoning.

    However, *Wolford* does conflict with this Court's opinion in that the Ninth Circuit concluded that "it does not follow that all possible locations that serve children or another vulnerable population are necessarily sensitive places." *Wolford*

---

[1] *See Dale v. Barr*, 967 F.3d 133, 142 (2d Cir. 2020) (citation omitted) ("a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court.").

at *43.  Cf. *Antonyuk* at 341 (noting that "§ 265.01e(2)(b) … disarms everyone in spaces where a vulnerable population is present," and finding a "tradition of prohibiting firearms in locations congregated by vulnerable populations…."). *Wolford* thus confirms that there is no "vulnerable population" exception to the Second Amendment.

    Respectfully submitted,

    Stephen D. Stamboulieh

cc:    By ECF to all counsel of record